**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 27, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10303
Summary Calendar

In The Matter Of: Walter G. Berry, III

Debtor,

MACLEAN ODDY & ASSOCIATES, INC.,

Appellant,

versus

DANIEL SHERMAN, CHAPTER 7 TRUSTEE

Appellee.

Appeal from the United States District Court
for the Northern District f Texas, Dallas Division
C.A. No. 3:03-CV-1557-K

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

The United States Bankruptcy Court for the Northern
District of Texas granted summary judgment in favor of the debtor
upon finding that the debtor's pre-petition payment to Maclean Oddy
constituted an avoidable preference because Maclean Oddy was an
unsecured creditor at the time the payment was made. The district
court affirmed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal, Maclean Oddy asserts that the pre-petition payment was not an avoidable preference because: (1) it created a security interest by filing a judicial lien, an abstract of judgment, outside of the 90-day preference period; (2) a subsequent escrow agreement continued the security interest created by the abstract of judgment; (3) a new trial order (in the case that spawned the lien) did not void ab initio its security interest because the escrow agreement was executed prior to the entry of the new trial order; and (4) it did not receive more than it would have received had the transfer not occurred. In the alternative, Maclean Oddy argues that its contemporaneous release of the security interest in exchange for the escrow payment pursuant to a settlement agreement entered into with the debtor constituted a contemporaneous exchange for value or new value so as to avoid the transfer.

Maclean Oddy has failed to cite, and we have been unable to find, federal or Texas state authority in support of Maclean Oddy's contentions. Thus, after careful review of the briefs and record, we find no reason to reverse the bankruptcy court's judgment or the district court's affirmance. The judgments of those courts are

**AFFIRMED.**